UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD COUNTERMAN,

        Plaintiff,

Case No. 13-13833

Hon. John Corbett O'Meara

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

        Defendant.

_____/

**OPINION AND ORDER DENYING COUNTERMAN'S MOTION FOR REMAND AND GRANTING CAROLYN W. COLVIN'S MOTION FOR <u>SUMMARY JUDGMENT</u>**

    Plaintiff Edward Counterman filed a motion to remand February 24, 2014. Defendant Carolyn Colvin ("Commissioner") filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a) May 23, 2014. Plaintiff filed a reply June 2, 2014. For the reasons set forth below, the court will deny Plaintiff's motion to remand and grant Commissioner's motion for summary judgment.

## <u>FACTS</u>

    Plaintiff filed for Social Security benefits in 2010, indicating a need for the benefits due to a disabling condition arising in 2009. The application was denied. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

1

However, in April of 2012, the ALJ issued a decision unfavorable to Plaintiff. In reaching that decision, the ALJ heard testimony from a vocation expert and Plaintiff. Based on the ALJ's decision, Plaintiff sought review by the Appeals Council; however, the review was rejected. Plaintiff seeks judicial review from this court.

## LAW AND ANALYSIS

**A. Standard of Review**

Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by civil action. . . ." If the court finds that there is substantial evidence to support the record, then the decision of the ALJ is conclusive and the decision must be affirmed. Id.; see also Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Sec'y of Health and Human Serv., 948 F.2d 989, 992 (6th Cir. 1991).

"The substantial evidence standard is less exacting than the preponderance of the evidence standard." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007), citing Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 246 (6th Cir. 1996). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson,

402 U.S. at 401, citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) (internal quotation marks omitted).

**B. Vocational Expert and Dictionary of Occupational Titles**

Plaintiff argues that the ALJ did not inquire as to whether the vocational expert's testimony was consistent with the Dictionary of Occupational Titles ("DOT"); therefore, the ALJ's decision contained error and now requests this court to remand. Commissioner argues that the ALJ's decision was only harmless error because there were no inconsistencies between the vocational expert's testimony and the DOT. The court agrees with Commissioner.

"[I]f an agency has failed to adhere to its own procedures, . . . [the court] will not remand for further administrative proceedings unless 'the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" Rabbers v. Comm'r Soc. Sec. Admin., 582 F.3d 647, 654 (6th Cir. 2009), citing Connor v. United States Civil Serv. Comm'n, 721 F.2d 1054, 1056 (6th Cir. 1983). Plaintiff would have to show the error caused "substantial prejudice." Am. Farm Lines v. Black Ball Freight Serv., 397 U.S. 532, 539 (1970).

In the current case, Plaintiff's contentions correlate to a view the Sixth Circuit has already rejected. In Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601 (6th Cir. 2009), the appellate court held that the ALJ can rely upon the vocational

expert's testimony if not otherwise found in the DOT. Here, there was no contradiction or conflict between the DOT and the vocational expert because the DOT didn't contain sit/stand options for the testimony to conflict with.

In addition, even if there were an alleged conflict, "[e]vidence from [vocational experts] . . . can include information not listed in the DOT." S.S.R. 00-4p, 2000 WL 1898704, *2. Further, the interpretation notes, "[i]nformation about a particular job's requirements . . . not listed in the DOT may be available in other reliable publications, information obtained directly from employers, or from . . . [vocational experts'] experience in job placement or career counseling." Id. at *2. Based on the foregoing, this court rejects Plaintiff's argument; there is no prejudice warranting remand.

## C. Plaintiff's Credibility

Plaintiff argues that the ALJ erred when assessing Plaintiff's credibility by not properly evaluating Plaintiff's subjective complaints. "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Comm'r of Soc. Sec., 127 F.3d 525 (6th Cir. 1997); see also 20 C.F.R. § 404.1529(c).

This court finds that there was sufficient evidence in the record for the ALJ to find that Plaintiff was not credible other than just failing to comply with weight

loss recommendations by treating physicians. Supporting the ALJ's conclusions, the ALJ properly considered medical opinions and findings, and properly considered that Plaintiff did not comply with treatment recommendations. Specifically, the record does not indicate that Plaintiff was allergic to medications. There is no indication that Plaintiff's back pain was medically verifiable to the extent Plaintiff claims. Plaintiff did not receive treatment for his left knee meniscal tear. Also, Plaintiff failed to see his therapist on a weekly basis as recommended.

## CONCLUSION

It is hereby **ORDERED** that Edward Counterman's February 24, 2014 motion to remand is **DENIED**.

It is further **ORDERED** that Commissioner's May 23, 2014 motion for summary judgment is **GRANTED**.


Date: July 23, 2014							s/John Corbett O'Meara
									United States District Judge


I hereby certify that on July 23, 2014 a copy of this opinion and order was served upon counsel of record using the court's ECF system.

									s/William Barkholz
									Case Manager

5